# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JO ANN POWELL, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-08-418-FHS
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Jo Ann Powell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 24, 1958 and was 49 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a cook. Claimant alleges an inability to work beginning September 1, 2001 due to

3

degeneration of the spine and attendant pain, muscle spasms and swelling, knee pain and swelling, pain and spasms in her arms, hypertension, hallucinations, shortness of breath, chest pain, sleep problems, problems socializing with people, and medication side effects causing dizziness and drowsiness.

**Procedural History**

On February 6, 2002, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On April 30, 2004, an unfavorable decision was entered by the Administrative Law Judge ("ALJ") with regard to which review was denied by the Appeals Council. However, the matter was remanded by this Court upon the agreed motion of the parties.

Claimant filed a subsequent application for SSI on May 10, 2004. On October 6, 2006, a supplemental a hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. By decision dated May 24, 2007, the ALJ found that Claimant was not disabled during the relevant time period. On October 22, 2008, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments and could not engage in her past relevant work, she did not meet a listing and retained the residual functional capacity to perform full range of sedentary work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to properly consider the state agency medical consultant's opinions regarding Claimant's manipulative limitations; (2) ignoring probative medical evidence which contradicted the inadequate reaching, handling, and fingering restrictions in the ALJ's RFC analysis; and (3) inadequately addressing Claimant's severe arm, hand and finger impairments in his RFC evaluation.

## Consideration of Agency Opinions

Claimant asserts the ALJ failed to consider the opinions provided by agency consultants. On August 19, 2004, a Physical Residual Functional Capacity form was completed by Dr. Penny Aber. Dr. Aber found Claimant could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8 hour workday, sit about 6 hours in an 8 hour workday, and engage in unlimited pushing and/or pulling. She

5

acknowledged Claimant's markedly diminished neck movement due to severe spasms affecting the neck and the muscles of the upper arms. She found Claimant to have a tender and stiff cervical spine with limited range of motion on all planes. (Tr. 322). Dr. Aber found Claimant to have lower back pain, possibly from degenerative arthritis. She noted Claimant's radiculapathy to the left arm with diminished sensation. Her gait was safe and stable with appropriate speed. (Tr. 323). Dr. Aber also noted Claimant had limited reach in all directions with no overhead reach. (Tr. 324). On October 14. 2004, Dr. Vashdeed reviewed the medical evidence, including Dr. Aber's assessment and concurred in the assessment. (Tr. 328).

As Claimant indicates, the ALJ did not reference or mention Dr. Aber's report and limitations on Claimant's reach. As a consequence, these limitations were not included in the ALJ's RFC evaluation. His only manipulative restriction was against constant use of Claimant's hands for repetitive tasks such as keyboarding. (Tr. 218).

When evaluating the evidence, the ALJ cannot pick and choose the evidence upon which he relies simply because it supports his finding of non-disability. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). On remand, the ALJ shall consider the

limitations found by Dr. Aber which were not included in his RFC evaluation.

**Consideration of Probative Evidence**

Claimant also contends the ALJ failed to consider other probative evidence in the record. Specifically, Claimant contends the ALJ did not consider the September 21, 2001 finding of Michael Smith, ARNP that Claimant experienced marked weakness in the upper extremities. (Tr. 110-11). Mr. Smith also found Claimant's joints to be tender, especially her fingers with some swelling, hands cool to the touch and increased blanching in response to cold water. (Tr. 109). Tenderness and mild swelling in Claimant's fingers were noted by Mr. Smith on other occasions. (Tr. 101-07).

Claimant asserts the ALJ failed to reference other evidence of extremity tingling, diminished sensation, and decreased range of motion. (Tr. 315, 363).

The ALJ did acknowledge the decreased grip and upper extremity weakness noted by Mr. Smith in May of 2002. (Tr. 219). He rejected this position, however, in light of other medical evidence. (Tr. 220). While such weighing of evidence is entirely within the purview of the ALJ, on remand he should determine whether he has considered the totality of Mr. Smith's findings and those of other providers with regard to Claimant's digit problems.

7

**RFC Assessment**

Claimant contends the evidence was overwhelming that Claimant suffered from severe arm, hand, and finger impairments which the ALJ did not adequately consider in his RFC assessment. Because this Court has already found the ALJ did not consider all of the medical evidence of impairment, Claimant's RFC should be re-evaluated on remand.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE